IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MCA VENTURES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2569-JWL |
| | ) |
| KEPPEL BROTHERS, LLC, | ) |
| d/b/a 5TH WHEEL PLACE RV CENTER; | ) |
| and KEVIN H. KEPPEL, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

The Court granted in part plaintiff's motion for a default judgment, but it noted that plaintiff had not offered any support for its request for an award of $12,500 for "reasonable attorney fees and court costs" incurred in the collection of this debt (as permitted in the parties' agreement), and it ordered plaintiff to submit support for an award of its costs of collection. In response, plaintiff's counsel has submitted an affidavit stating that he handled this case on a contingency fee basis; that he usually bills for similar matters at a rate of $350 per hour; that he did track his hours and spent 9.5 hours on the litigation (while giving the details of his 15 billing entries for this matter); and that those hours are exclusive of hours expended by administrative and support staff (although he has not indicated the scope of such work or the billing rates for such staff). Counsel concludes by stating his belief that, in light of those facts, $12,500 in fees is reasonable for this case.

The Court finds that the hours expended by plaintiff's counsel and his customary

billing rate are reasonable for this case; and in light of the contingent nature of the representation and counsel's success in obtaining a judgment for the full amount requested in the lawsuit, the Court finds that an award of attorney fees in the amount of $12,500 is reasonable. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1228 (10th Cir. 2009) (Kansas applies the factors of Rule 1.5 of the Kansas Rules of Professional conduct to set contractual attorney fees) (citing *Davis v. Miller*, 269 Kan. 732 (2000));[1] KRPC Rule 1.5(a) (factors include time and labor involved, fee customarily charged in the locality, amount involved, results obtained, and whether the fee was fixed or contingent).  Accordingly, the Court will issue a judgment that includes such an award under the parties' contract representing plaintiff's costs of collection.

IT IS SO ORDERED.

Dated this 30th day of January, 2018, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge

---

[1] The Court applies Kansas law in this case, as the underlying contract (which allowed recovery of the costs of collection) contained a Kansas choice-of-law provision.